Filed 10/14/20  P. v. Hunter CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B303723 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA295125-03) |
| v. | |
| EDDIE LAVELL HUNTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Lisa B. Lench, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Defendant and Respondent.

On September 30, 2018, the Governor signed Senate Bill No. 1437, which, effective January 2019, amended Penal Code[1] sections 188 and 189 (stats. 2018, ch. 1015, §§ 2, 3), significantly modifying the law relating to accomplice liability for murder. Also enacted was section 1170.95, subdivision (a) which provides in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] . . . [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." (Stats. 2018, ch. 1015, § 4.)

In 2006, Eddie Lavell Hunter, Jr., was charged with first degree murder, two counts of attempted murder and possession of a firearm by a minor. In 2009, he entered a plea of no contest to one count of voluntary manslaughter and one count of attempted murder. He also admitted allegations that the crimes were committed for the benefit of a gang and that a principal was armed with a firearm. He is currently serving a sentence of imprisonment of 24 years, four months.

---

[1] Further undesignated statutory references are to the Penal Code.

On January 7, 2019, Hunter filed a petition for resentencing pursuant to section 1170.95. On March 14, 2019, the People filed their response to the petition. On December 13, 2019, the trial court denied the petition. The minute order states: "As to defendant Hunter, he is ineligible because he was convicted by plea of manslaughter and therefore was not convicted of murder in either the 1st or 2nd degree. The underlying theory of liability used in the trial of his co-defendant is evidence of the theory of liability applicable to him and precludes him from being able to make the prima facie case necessary for the relief listed in Penal Code section 1170.95. For that reason, the petition is denied."

Hunter appeals, contending the trial court erred in excluding defendants convicted of voluntary manslaughter where, as here, they originally faced trial for murder under a theory of natural and probable consequences. Hunter argues that he indeed "accepted a plea offer in lieu of trial at which [he] could be convicted of first degree or second degree murder" as set forth in the statute.

We agree with the trial court that only defendants convicted of murder are eligible for relief under the plain language of the statute. In doing so, we do not write on a blank slate. In *People v. Cervantes* (2020) 44 Cal.App.5th 884, Division 6 of this District concluded that the language of the statute unequivocally applies to murder convictions only. "There is no reference to the crime of voluntary manslaughter. To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction. The plain language of the statute is explicit; its scope is limited to murder convictions." (*Id.* at p. 887.) Similarly, in *People v. Flores* (2020)

3

44 Cal.App.5th 985, the Fourth District held that the plain language of the statute limited relief to only those defendants convicted of murder. (*Id.* at p. 993; see also *People v. Turner* (2020) 45 Cal.App.5th 428, 436 [defendants who plead to voluntary manslaughter to avoid trial for murder on natural and probable consequences theory ineligible for relief]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1099, review granted Nov. 13, 2019, S258175 [statute limits relief to convictions for murder; attempted murder is excluded].)

Hunter argues the plain language of the statute puts no restriction on the type of plea a defendant accepts as long as he or she could have been convicted of murder at trial under the felony murder rule or on a natural and probable consequences theory. We are not persuaded; such an interpretation contravenes the legislative purpose of the statutory amendments. As the caselaw cited above recounts in detail, the legislative history demonstrates the Legislature resolved to limit and reform murder convictions obtained on the theories of felony murder and natural and probable consequences. Hunter had to have been convicted of murder on one of these theories, whether by trial or plea, to be eligible for relief.

In light of our conclusion that section 1170.95 affords relief to only those convicted of first or second murder, we do not reach Hunter's second argument that he satisfied the second requirement of section 1170.95, to wit, that he was prosecuted under the felony murder rule or the natural and probable consequences doctrine.

4

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:



BIGELOW, P. J.



GRIMES, J.